IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MECHLING and CHRISTOPHER MECHLING,<br><br>Plaintiffs,<br><br>v.<br><br>THE OPERATOR OF WEBSITE SUPEREXPORTSHOP.COM,<br><br>Defendant. | Case No. 21-cv-02210<br><br>**Judge Charles P. Kocoras**<br><br>**Magistrate Judge Maria Valdez** |

**FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiffs Nicholas Mechling and Christopher Mechling (hereinafter referred to together or individually as "Plaintiff")[1] against the operator of website superexportshop.com ("Defendant"), and Twins Special having moved for entry of Default and Default Judgment against the Defendant;

This Court having entered upon a showing by Twins Special, a temporary restraining order and preliminary injunction against Defendant which included an asset restraining order;

Twins Special having properly completed service of process on Defendant, the combination of providing notice via electronic publication and e-mail, along with any notice that Defendant received from payment processors, being notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and affording it the opportunity to answer and present its objections; and

---

[1] Plaintiff owns Twins Special LLC. Under agreement with Twins Special LLC, Plaintiff has full and exclusive license to use, enforce and sublicense the intellectual property of Twins Special LLC. Plaintiff and Twins Special LLC are hereinafter referred to together or individually as "Twins Special".

Defendant having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating a website that targets United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars, and has sold products using infringing and counterfeit versions of the TWINS Trademarks to residents of Illinois (a list of which is included in the below chart).

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 4,848,713 | TWINS ★ ★ ★ SPECIAL ★ ★ ★ | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 4,848,712 | [Twins Special logo] | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |
| 4,848,711 | TWINS SPECIAL | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; |

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| | | martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that Twins Special's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defendant is deemed in default and that this Final Judgment is entered against Defendant.

IT IS FURTHER ORDERED that:

1. Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:

    a. using the TWINS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Twins Special brand product or not authorized by Twins Special to be sold in connection with the TWINS Trademarks;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Twins Special brand product or any other product produced by Twins Special, that is not Twins Special's or not produced under the authorization, control or supervision of Twins Special and approved by Twins Special for sale under the TWINS Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Twins Special, or are sponsored by, approved by, or otherwise connected with Twins Special;

d. further infringing the TWINS Trademarks and damaging Twins Special's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Twins Special, nor authorized by Twins Special to be sold or offered for sale, and which bear any of Twins Special trademarks, including the TWINS Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. The domain name registries for the website superexportshop.com, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within ten (10) business days of receipt of this Order, shall, at Twins Special's choosing:

a. transfer superexportshop.com to Twins Special's control, including unlocking and changing the registrar of record for superexportshop.com to a registrar of Twins Special's selection; or

b. disable superexportshop.com and make it inactive and untransferable.

3. The domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap Inc. ("Namecheap"), within ten (10) business days of receipt of this Order, shall take any steps necessary to transfer superexportshop.com to a registrar account of Twins Special's selection.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Twins Special is awarded statutory damages from the Defendant in the amount of five hundred thousand dollars ($500,000) for willful use of counterfeit TWINS Trademarks on products sold through superexportshop.com.

5. Twins Special may serve this Order on Third Party Providers, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Wish.com, and Amazon Pay, by e-mail delivery to the e-mail addresses Twins Special used to serve the Temporary Restraining Order on the Third Party Providers.

6. Any Third Party Providers holding funds for Defendant, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall within ten (10) business days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defendant's website superexportshop.com from transferring or disposing of any funds, up to the above identified statutory damages award, or other of Defendant's assets.

7. All monies, up to the above identified statutory damages award, in Defendant's financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, are hereby released to Twins Special as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, are ordered to release to

       Twins Special the amounts from Defendant's financial accounts within ten (10) business days of receipt of this Order.

8. Until Twins Special has recovered full payment of monies owed to it by Defendant, Twins Special shall have the ongoing authority to serve this Order on Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, in the event that any new financial accounts controlled or operated by Defendant are identified. Upon receipt of this Order, Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall within ten (10) business days:

    a. locate all accounts and funds connected to Defendant's website superexportshop.com, including, but not limited to, the e-mail addresses identified in Exhibit 2 to the Declaration of Christopher Mechling, and any e-mail addresses provided for Defendant by Third Party Providers;

    b. restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defendant's assets; and

    c. release all monies, up to the above identified statutory damages award, restrained in Defendant's financial accounts to Twins Special as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9. In the event that Twins Special identifies any additional domain names or financial accounts owned by Defendant, Twins Special may send notice of any supplemental proceeding to Defendant by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Christopher Mechling and any e-mail addresses provided for Defendant by third parties.

10. The one thousand dollar ($1,000) cash bond posted by Plaintiff, including any interest minus the registry fee, is hereby released to Plaintiff or its counsel, Greer, Burns & Crain, Ltd. The Clerk of the Court is directed to return the cash bond previously deposited with the Clerk of the Court to Plaintiff or its counsel by check made out to the Greer Burns & Crain IOLTA account.

This is a Final Judgment.

DATED: September 1, 2021

_____
Charles P. Kocoras
United States District Judge